UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID YORK, an individual; and
HANS CHRISTIAN KORSGAARD, an
individual,

        Plaintiffs,

        v.

LIBERTY MUTUAL GROUP, INC., a foreign
corporation,

        Defendant.

Civil No. 09-113-HA
Portland Division
OPINION AND ORDER

HAGGERTY, District Judge:

      Plaintiffs allege that a homeowners insurance policy (the Policy) that they purchased from defendant Liberty Mutual Group, Incorporated, should be interpreted to provide coverage for damage to their home incurred after a residence above plaintiffs' property slid onto their property and came to rest against their home. Plaintiffs filed a Motion for Partial Summary Judgment [9], and defendant filed a Cross Motion for Summary Judgment [14]. Plaintiffs also advanced a Motion to Strike [19] portions of exhibits that they submitted with the Declaration of David York.

OPINION AND ORDER- 1

For the following reasons, plaintiffs' summary judgment motion is denied and defendant's summary judgment motion is granted. Plaintiffs' Motion to Strike is denied. Objections regarding the qualifications of the expert who authored portions of the exhibits that plaintiffs themselves submitted are construed as having been waived.

**FACTUAL BACKGROUND**

The following factual summary is compiled from the parties' Statements of Fact. The facts referenced are undisputed unless otherwise noted.

Defendant issued the Policy at issue (Policy Number H32-268-353241-7076) to plaintiffs for the policy period running from October 27, 2007 to October 27, 2008. On Wednesday, October 8, 2008, damage occurred to plaintiffs' residence, a two-story, single family home constructed of traditional wood framing. An engineering firm retained by defendant inspected the property shortly after the damage occurred, and found that the first floor framing experienced significant "raking" and that the home-to-foundation connections were compromised. Ex. C to Decl. of David York (EFI Global Report) at 2. The residence was estimated to be a total loss. *Id*. The report's author opined that "[t]hc damage to the structure was caused by a house and soil sliding down a hill and impacting the structure. The house which slid down the hill is completely demolished which makes an origin and cause inspection difficult." *Id.* at 3.

The engineer noted that more than 1.2 inches of rainfall had accumulated in the week before the damage. *Id*. at 4. He opined that the rainfall led to "lateral forces" causing an initial movement of the home above plaintiffs sufficient to break water lines connected to the home. Broken water lines then contributed to the "ultimate failure of the hillside." *Id*.

The Policy purchased by plaintiffs contains the following exclusion:

OPINION AND ORDER- 2

1.   We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.

* * *

   b.   Earth Movement, meaning earthquake including land shock waves or tremors before, during or after a volcanic eruption, landslide; mine subsidence; mudflow; earth sinking, rising or shifting . . . .

Ex. A to Decl. of David York (Policy) at 29.

## QUESTIONS PRESENTED

Plaintiffs assert that their losses are covered under the Policy. They acknowledge that the Policy contains an exclusion applicable to landslides, but argue that the exclusion applies only to naturally occurring landslides, and only to landslides that occur on plaintiffs' property. Plaintiffs contend that there is no evidence that the landslide was naturally occurring or that it occurred on plaintiffs' property. Accordingly, plaintiffs seek partial summary judgment construing the Policy as providing coverage.

Defendant responds that the Policy plainly excludes damage resulting from earth movement, and that the exclusion also provides an "anti-concurrent clause" that – as quoted above – preserves the exclusion "regardless of any other cause or event contributing concurrently or in any sequence to the loss." Defendant asserts that plaintiffs' motion for partial summary judgment must be denied, and advances its own cross-motion for summary judgment.

## STANDARDS

A party is entitled to summary judgment as a matter of law if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c); *see Bahn v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991). The moving party carries the initial burden of proof and

OPINION AND ORDER- 3

meets this burden by identifying portions of the record on file that demonstrate the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986). Once the initial burden is satisfied, the burden shifts to the non-moving party to demonstrate through the production of probative evidence that there remains an issue of fact to be tried. *Id.*

The court must view the evidence in the light most favorable to the non-moving party. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000) (citations omitted). All reasonable doubt as to the existence of a genuine issue of fact should be resolved against the moving party. *MetroPCS, Inc. v. City & County of S.F.*, 400 F.3d 715, 720 (9th Cir. 2005) (citation omitted). Where different ultimate inferences may be drawn, summary judgment is inappropriate. *Sankovich v. Ins. Co. of N. Am.*, 638 F.2d 136, 140 (9th Cir. 1981) (citing Fed. R. Civ. P. 56(c)).

Deference to the non-moving party has limits. The non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The "mere existence of a scintilla of evidence in support of the [non-moving party's] position [is] insufficient." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986). Where "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (citation omitted).

The construction of an insurance policy presents a question of law. *Hoffman Construction Co. v. Fred S. James & Co.*, 836 P.2d 703, 705-07 (Or. 1992). A court attempting to interpret a policy should ascertain the intention of the parties. *Holloway v. Republic Indemnity Co. of America*, 147 P.3d 329, 333-34 (Or. 2006).

OPINION AND ORDER- 4

To determine the parties' intent, the court examines the text of the policy to evaluate whether that text is susceptible to more than one plausible interpretation. If not, the single plausible meaning is applied and the court conducts no further analysis. *Groshong v. Mutual of Enumclaw Ins. Co.*, 985 P.2d 1284, 1287 (Or. 1999). If, however, the policy has more than one plausible meaning, the court examines "the disputed phrase in light of the particular context in which it is used and the broader context of the policy as a whole to determine the interpretation most likely intended." *Ruede v. City of Florence*, 220 P.3d 113, 116 (Or. App. 2009) (citing *Groshong*, 985 P.2d at 1287).

If two or more interpretations are reasonable, any doubt is resolved against the insurance company. *North Pacific Ins. Co. v. Hamilton*, 22 P.3d 739, 742 (Or. 2001).

An insured bears the burden of establishing that a claim is within an exception to an exclusion. *Employers Insurance of Wausau v. Tektronix, Inc.*, 156 P.3d 105 (Or. App.), *rev. den.*, 343 Or. 363 (2007) (the party seeking coverage bears the burden of establishing any exception to an exclusion).

## **ANALYSIS**

For the purpose of these motions, which in essence are presented to resolve the scope and applicability of the Policy's landslide exclusion, the landslide is presumed to be a cause of the damage at issue. Plaintiffs note that "the true cause of the damage to the property is a contested issue of fact," and hypothesize that "if the sole cause of the damage to plaintiffs' property were the fir tree [that plunged into a portion of plaintiffs' residence], then the landslide exclusion would not apply." Pl.'s Mem. in Supp. at 3 n.2. Although this hypothesis is accurate, nothing in

OPINION AND ORDER- 5

the record and arguments presented in this matter suggests that the damage at issue could be plausibly attributed solely to the fir tree.

Instead, it appears beyond reasonable dispute that the damage at issue was incurred as a result of a confluence of causes. Heavy rainfall initiated "lateral forces" that triggered earth movement sufficient to break water connections to the home above plaintiffs' residence, and then water from the broken lines combined with the accumulated rainfall to cause an "ultimate failure of the hillside" and subsequent earth and home movement that inflicted damage onto plaintiffs' property.

Counsel for plaintiffs present myriad arguments urging the court to conclude that the exclusion at issue should be interpreted as only applying to naturally occurring landslides, and only to landslides that occur on the insureds' property. Pl.'s Mem. In Supp. at 7-11.

As to plaintiffs' first argument, the court has examined the text of the policy and has derived one single plausible meaning to the earth movement exclusion. After considering the evidence in a light favorable to plaintiffs, this court is compelled to conclude that the only reasonable interpretation of the plain meaning of the exclusion is that all types of landslides – naturally occurring landslides and any other kinds – are excluded. This is not only the plain meaning of the exclusion, but also represents the likely intention of the parties. If either party harbored intentions to the contrary, expressing those intentions would have been a simple matter.

Even if the exclusion could be construed as having more than one plausible meaning, an examination of the context in which it was presented and the broader context of the policy as a whole suggests that the interpretation most likely intended is that the exclusion is not limited to only "naturally occurring" landslides. *See Ruede*, 220 P.3d at 116.

OPINION AND ORDER- 6

Moreover, regardless of whether the Policy could be interpreted reasonably as excluding only naturally occurring landslides, the undisputed facts in this case establish that the landslide at issue occurred naturally. The subsequent contributions from broken water lines to the ultimate hillside failure fail to transform the landslide into a human-caused slide. Even assuming they did, the "anti-concurrent clause" plainly preserves the exclusion for damage caused by earth movement "regardless of any other cause or event contributing concurrently or in any sequence to the loss."

The other primary argument counsel advance in an attempt to meet plaintiffs' burden of establishing that their claim falls within an exception to the earth movement exclusion is that the exclusion applies only to "on-site landslides." Pls.' Mem. In Supp. at 12-14.

The landslide unquestionably occurred on the insureds' property. Presumably, therefore, counsel argues that the exclusion should be construed as inapplicable for any earth movement initiating somewhere other than the insureds' property. Counsel contends that the Policy may be ambiguous in this regard because the Policy is explicit when excluding coverage for "off-site events" but is silent as to whether off-site landslides are excluded. *Id*. at 12-13. This contention is rejected.

Among the damages excluded are those caused by "land shock waves or tremors before, during or after a volcanic eruption." Policy at 29. The plain meaning of this aspect of the exclusion – and of the entire exclusion – is that there is no exception to the exclusion for earth movement the origins of which can be traced to off-site locations. Counsel's attempts to interject ambiguity into an exclusion that applies to earth movement, landslides and mudflows without qualification concerning the origins of those events are unpersuasive.

OPINION AND ORDER- 7

Accordingly, plaintiffs fail to meet their burden of establishing the existence of any relevant exception to the earth movement exclusion. That exclusion is applicable in this case.

## CONCLUSION

Plaintiffs' Motion for Partial Summary Judgment [9] and Motion to Strike [19] are denied. Defendant's Cross Motion for Summary Judgment [14] is granted. Counsel shall confer and if this ruling resolves the action, defense counsel shall file a proposed Final Judgment within twenty-one days of this Opinion and Order.

IT IS SO ORDERED.

DATED this  15  day of January, 2010.

     /s/  ANCER L. HAGGERY
     ANCER L. HAGGERTY
     United States District Judge